UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOSEA MOORE,

    Petitioner,                              Civil No. 2:11-CV-12136
                                                   HONORABLE NANCY G. EDMUNDS
v.                                              UNITED STATES DISTRICT JUDGE

CINDI CURTIN,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Hosea Moore, ("Petitioner"), presently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for one count of second-degree murder, M.C.L.A. 750.317; one count of armed robbery, M.C.L.A. 750.529; two counts of assault with intent to rob while armed, M.C.L.A. 750.89; and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons that follow, the petition for writ of habeas corpus is **DENIED**.

**I. Background**

Petitioner pleaded guilty to the above charges in the Wayne County Circuit Court, as part of a plea agreement whereby the Wayne County Prosecutor agreed to dismiss one count of first-degree premeditated murder, one count of first-degree felony murder, and one count of felonious assault against him. The parties further agreed that petitioner would be sentenced to 28 to 60 years in prison. (Tr. 11/17/2008, pp. 4-5). Prior to accepting

1

petitioner's plea, the trial judge advised petitioner of the rights that he would be relinquishing by pleading guilty. Petitioner indicated that he was pleading guilty freely and voluntarily and that no promises, other than the ones stated on the record, had been made to induce his plea of guilty. (*Id.,* pp. 6-9). In making out a factual basis for the guilty plea, petitioner indicated that he was driving a Chevy Envoy with two other persons whom he knew were armed with firearms and who had planned on robbing the victims. Petitioner admitted that his two passengers got out of the vehicle and robbed the victims, during which time one of the victims was shot and killed. (*Id.*, pp. 10-12). Petitioner also admitted that he had at least six prior felony convictions, in order to establish his status as a fourth felony habitual offender. (*Id.,* pp. 12-13).

At the time of sentencing, the trial judge noted that petitioner had 22 prior felony convictions and four prior misdemeanor convictions. (Tr. 12/8/2008, p. 10). The trial judge nonetheless followed the sentencing agreement and sentenced petitioner to concurrent sentences of 28 to 60 years in prison. (*Id.,* pp. 11-12).

Petitioner subsequently moved to withdraw his guilty plea, which the trial judge denied. *People v. Moore,* No. 08-011405-01 (Wayne County Circuit Court, October 22, 2009). The Michigan appellate courts denied petitioner leave to appeal. *People v. Moore,* No. 295002 (Mich.Ct.App. December 17, 2009); *lv. den.* 487 Mich. 853, 785 N.W.2d 153 (2010).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Did the trial court violate appellant's due process rights by permitting the prosecutor to introduce evidence of four prior robberies where appellant was the lookout or getaway driver, to rebut the defense of mere presence to the present charges, where the sheer number of prior incedents [sic] would likely cause a jury to improperly convict appellant based on propensity to commit

2

crimes?

II. Does due process require plea withdrawal where defense counsel was constitutionally ineffective in failing, before appellant pleaded guilty to suppress appellant's admissions as to similar acts, where the detective misled the appellant to believe they would not be introduced as evidence.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>     (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>     (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a

state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in

the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

### III. Discussion

#### A. Claim # 1. The prior bad acts evidence claim.

Petitioner first claims that the trial court erred in granting the prosecutor's motion to be allowed to introduce at trial evidence of four armed robberies in which petitioner had acted as a lookout. The prosecution sought the admission of these armed robberies to rebut petitioner's claim that he was merely present when the victims were robbed and where the one victim was killed. Petitioner claims that this evidence was not admitted for a proper purpose under M.R.E. 404(b), but was intended to be used merely to show that petitioner was a bad person. Petitioner further claims that the evidence was more prejudicial than probative.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542,

552 (6th Cir. 2000); *See also Stephenson v. Renico,* 280 F. Supp. 2d 661, 666 (E.D. Mich. 2003).

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting this evidence is non-cognizable on habeas review. *Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.,* 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process). The admission of this "prior bad acts" or "other acts" evidence against petitioner by the state trial judge does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003); *See also Adams v. Smith,* 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Given the lack of holdings by the Supreme Court on the issue of whether a state court violates a habeas petitioner's due process rights by the admission of evidence to establish the petitioner's propensity to commit criminal acts, the state courts' rejection of petitioner's first claim was not an unreasonable application of clearly established federal law. *See Wright v. Van Patten,* 552 U.S. 120, 126 (2008); *Carey v. Musladin,* 549 U.S. 70, 77 (2006).

To the extent that petitioner contends that the evidence of these four armed robberies should have been excluded under M.R.E. 403 for being more prejudicial than

probative, he would not be entitled to habeas relief. Appraisals of the probative and prejudicial value of evidence are entrusted to the sound discretion of a state trial court judge, and a federal court considering a habeas petition must not disturb that appraisal absent an error of constitutional dimensions. *See Dell v. Straub*, 194 F. Supp. 2d 629, 645 (E.D. Mich. 2002). So long as a state court's determination that evidence is more probative than prejudicial is reasonable, a federal court on habeas review will not overturn a state court conviction. *See Clark v. O'Dea,* 257 F.3d 498, 503 (6th Cir. 2001).

In the present case, the trial court ruled that evidence that petitioner had acted as a lookout during these four armed robberies was probative in that the evidence could negate petitioner's innocent intent in this case based on his claim of mere presence. (Tr. 11/13/2008, pp. 3-6; 10-12). The judge further ruled that the probative value of the four unrelated armed robberies substantially outweighed the unfair prejudice because without the evidence of the four robberies, a jury might conclude petitioner had no idea that a robbery was taking place, because he had remained in the vehicle. The judge reasoned that the evidence of the robberies would give the jurors some additional information to determine petitioner's intent. The judge noted that this evidence would not be used to show petitioner's propensity to commit crimes but only to negate his innocent intent. Finally, the judge indicated that the testimony of the witnesses from these other robberies would only be a "matter of minutes" and that he would give the jurors a limiting instruction. (*Id.,* pp. 12-15).

In light of the fact that petitioner's proposed defense was mere presence, evidence that he had acted as a lookout in four other armed robberies was probative as to petitioner's intent and state of mind. Moreover, the judge indicated that the witnesses

would only testify briefly concerning these other robberies and that he would give the jurors a limiting instruction concerning the proper usage of this evidence. In light of the foregoing, the trial judge's determination that evidence of the four unrelated armed robberies was more probative than prejudicial was reasonable, thus, petitioner is not entitled to habeas relief on his first claim.

### B. Claim # 2. The ineffective assistance of counsel claim.

In his second claim, petitioner contends that his trial counsel was ineffective for failing to move to suppress petitioner's admission to Detective Julius Moses that he had been a getaway driver in a number of unrelated armed robberies, including the four robberies that the judge allowed into evidence under M.R.E. 404(b), because he claims that the detective misled him into believing that in exchange for making this statement, this evidence would not be introduced against petitioner at trial.[1]

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations, *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Although the parties agreed to amend petitioner's original unconditional guilty plea to be conditional, the only issue that the parties agreed to preserve for appeal was petitioner's claim that the trial judge erred under M.R.E. 404(b) in ruling that the four unrelated armed robberies could be admitted against petitioner in this case. *See People v. Moore,* No. 08-011405-01,

---

[1] Petitioner also made a statement to Sergeant Kenneth Gardner, in which he admitted driving the vehicle that was used during the robbery and the murder. (Preliminary Examination Tr. 8/27/2008, p. 92). Although petitioner's recorded statement does not appear in this transcript, in binding petitioner over for trial, the examining magistrate noted that in this statement, petitioner admitted that he stayed at the location while he watched the victims being robbed, remained at the location while the decedent was shot, waited for the two other parties to get into the vehicle, and then drove off with those individuals. Petitioner also told the police that he retained some of the property that had been taken from the victims. ((Preliminary Examination Tr., 8/28/2008, p. 35). Petitioner does not allege that this statement was involuntary.

Slip. Op. at * 2-3; (Tr. 7/1/2009, pp. 3, 14).[2] However, the prosecutor made clear at the hearing on petitioner's motion to withdraw his guilty plea that petitioner's guilty plea waived review of his claim that his statement to Detective Moses should have been suppressed or that counsel was ineffective for failing to seek its suppression. (*Id.,* pp. 13-15). A conditional guilty plea requires the agreement of the defendant, the prosecution, and the court. *People v. Andrews,* 192 Mich. App. 706, 707; 481 N. W. 2d 831 (1992). Petitioner's guilty plea waived appellate review of any Fifth or Sixth Amendment claims, because his plea was conditioned on only his right to challenge whether the trial judge erred in ruling that four of petitioner's armed robberies could be admitted for a proper purpose under M.R.E. 404(b). *See People v. Wynn,* 197 Mich. App. 509, 510; 496 N.W. 2d 799 (1992).

Petitioner's Fifth Amendment challenges involve non-jurisdictional issues which would be waived by his guilty plea. *See e.g. Reed v. Henderson,* 385 F. 2d 995, 996 (6th Cir. 1967)(an alleged *Miranda* violation is not a jurisdictional issue and is waived by a guilty plea); *Williams v. Anderson,* 498 F. Supp. 151, 152 (E.D. Mich. 1980)(entry of guilty plea precluded collateral habeas corpus attack on alleged coerced confession). Likewise, pre-plea claims of ineffective assistance of trial counsel are also considered non-jurisdictional defects that are waived by a guilty plea. *See United States v. Stiger,* 20 Fed. Appx. 307, 309 (6th Cir. 2001); *See also Siebert v. Jackson,* 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002)(habeas petitioner's claims regarding alleged deprivations of his

---

[2] Petitioner originally moved to withdraw his guilty plea also on the ground that he had been misled into believing that his original plea of guilty was conditioned upon him being able to appeal the trial judge's ruling concerning the admission of the four armed robberies as other acts evidence under 404(b). Although the trial judge concluded that petitioner had not negotiated or entered into a conditional plea with respect to this issue, the judge nevertheless amended the plea to make it conditional as to this issue, in light of the prosecutor's stipulation to amend the plea and make it conditional with respect to this claim.

constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at plea that he was satisfied with counsel's representation, and he did not complain of counsel's advice concerning plea agreement).

Moreover, even if petitioner's claim was not waived, he would not be entitled to habeas relief because his claim is wholly without merit.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty, but would have insisted on going to trial. *Premo v. Moore,* 131 S. Ct. 733 , 743 (2011)(citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). An assessment of whether a defendant would

have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty. *See Maples v. Stegall,* 340 F. 3d 433, 440 (6th Cir. 2003). The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty, because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *Doyle v. Scutt,* 347 F. Supp. 2d 474, 484 (E.D. Mich. 2004).

Petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading guilty. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 750 (E.D. Mich. 2005). Petitioner claims that Detective Moses misled him into believing that if petitioner gave the officer information about the similar acts evidence concerning the other armed robberies, this evidence would not be used against him at trial. In support of this claim, petitioner's appellate counsel played a tape recording of Detective Moses' interview with petitioner at the hearing on the motion to withdraw the plea of guilty. As Detective Moses was getting ready to advise petitioner of his *Miranda* rights, petitioner asked the detective if he was going to be charged with a crime. Detective Moses replied that he had to read petitioner his *Miranda* rights before talking with him about specific crimes. Petitioner apparently then gave his statement to Detective Moses. At the conclusion of

the statement, Detective Moses asked petitioner to initial his statement, at which point petitioner stated; "So let me ask you though, I'm admitting to a lot of these right here." Officer Moses replied, "Hold on, how about this. I'll keep this right here. You won't have to sign it. We'll just keep it that way so you can just be cool. Okay? I mean, I ain't trying to put you in no spot, so we can just keep the information and you ain't gotta sign s---- ". (Tr. Tr. 7/1/2009, p. 42; *See also* Application for Leave to Appeal, pp. 14-15, attached to the petition for writ of habeas corpus). Petitioner subsequently signed an affidavit which he attached to the motion for plea withdrawal, in which he indicated that he thought that in exchange for giving Detective Moses information concerning the other armed robbery cases, the State of Michigan would not introduce this information against him in court.

A confession, in order to be admissible, must be free and voluntary and it cannot be the result of any direct or implied promises, however slight. *See Shotwell Mfg. Co. v. U.S.,* 371 U.S. 341, 347 (1963). In the present case, petitioner has failed to show that Detective Moses made any promises to induce him to make a statement. At the beginning of the interrogation, petitioner asked Detective Moses if he was going to be charged with any crimes. Detective Moses replied that he had to read petitioner his constitutional rights before he could discuss any specific crimes with petitioner. After advising petitioner of his constitutional rights, petitioner made a statement to Detective Moses concerning these robberies. It was only at the conclusion of the statement that in response to petitioner's statement that he was admitting to a lot of things that Detective Moses indicated that petitioner did not have to sign the statement and that they could "keep the information." Even if Detective Moses' statement could somehow be construed to be a promise not to

introduce this statement against petitioner, the detective made this statement after petitioner had already confessed. Because Detective Moses made his allegedly implicit promise after petitioner had already made his incriminating statement, it could not have been coercive, because petitioner's decision to make a statement could not have been dependent on Detective Moses' promise. *See U.S. v. Craft,* 495 F. 3d 259, 264 (6th Cir. 2007)*; See also Beach v. Moore,* 343 Fed. Appx. 7, 14 (6th Cir. 2009). Moreover, petitioner's subjective belief that Detective Moses' failure to respond to his question at the beginning of the interview as to whether petitioner would be charged with a crime amounted to a promise not to use this statement against petitioner is insufficient to establish that petitioner's statement was coerced. *See U.S. v. Hopkins*, 295 F.3d 549, 552 (6th Cir. 2002).

Indeed, in rejecting petitioner's ineffective assistance of counsel claim, the trial judge clearly and forcefully noted that Detective Moses never promised not to use petitioner's statements against him. The judge further ruled that petitioner's subjective belief that Detective Moses' failure to answer his question about whether he would be charged with a crime amounted to a promise was "outside of the realm of credibility" because "nobody on the moon would think that. Nobody." (Tr. 7/1/2009, pp. 29-34).

Based on the trial judge's comments at the post-conviction motion hearing, any motion to suppress petitioner's statements would clearly have been denied. Because the trial judge essentially determined at the post-conviction hearing that petitioner's statement to Detective Moses was voluntary, petitioner is unable to show that counsel was ineffective for failing to move for its suppression. *See e.g. Meade v. Lavigne,* 265 F. Supp. 2d 849,

865-66 (E.D. Mich. 2003). Because there was no reasonable probability that a motion to suppress would have succeeded in this case, petitioner was not denied effective assistance by his trial counsel's failure to move for the suppression of his statement. *See e.g. Koras v. Robinson,* 123 Fed. Appx. 207, 210-12 (6th Cir. 2005).

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. *Dell v. Straub,* 194 F. Supp. 2d at 659. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  January 18, 2012


I hereby certify that a copy of the foregoing document was served upon counsel of record on January 18, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager